## 26068. WHITE'S WIG IMPORTS v. WIGMASTER'S IMPORT COMPANY, LTD.

Argued September 17, 1970—Decided October 8, 1970.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard, Gary C. Furin,* for appellant.

MOBLEY, Presiding Justice. This appeal is from a judgment granting an interlocutory injunction.

Wigmaster's Import Company, Limited, brought an action for injunction against White's Wig Imports, alleging that the plaintiff has been selling hair products bearing the label, "Mode de Paris, France," since about January 31, 1967, and that it learned in January, 1970, that the defendant has fraudulently encroached upon its business by marketing a similar product bearing a trade-mark, "Mode de France." Temporary restraining order was granted, and after a hearing, an interlocutory injunction was granted, restraining the defendant from using the trade-mark, "Mode de France."

"Any attempt to encroach upon the business of a trader, or other person, by the use of similar trade-marks, names, or devices, with the intention of deceiving and misleading the public, is a fraud for which equity will grant relief." *Code* § 37-712.

"While geographical names and words which are merely descriptive are not generally the subject of exclusive appropriation as trade-marks or trade names, such names and words when used so long and exclusively by a trader, manufacturer, or producer that they are generally understood to designate his business or merchandise, may acquire a secondary signification or meaning indicative not only of the place of manufacture, but of the name of the manufacturer or producer, or of the character of the product, so that the name or title thus employed, including the geographical name and descriptive words, may be the subject of protection against unfair competition in trade, and authorize equity to enjoin a newcomer competitor from the appropriation and use of a trade name or trade-mark bearing such resemblances to those of the pioneer as to be likely to produce uncertainty and confusion, and to pass off the goods or business of one as those of the other." *Womble v. Parker*, 208 Ga. 378 (1) (67 SE2d 133); *Rome Machine &c. Co. v. Davis Foundry &c. Works*, 135 Ga. 17 (1) (68 SE 800); *Saunders System v. Drive it Yourself Co.*, 158 Ga. 1 (2a) (123 SE 132); *Gano v. Gano*, 203 Ga. 637 (47 SE2d 741); *Dolphin Homes Corp. v. Tocomc Development Corp.*, 223 Ga. 455 (1) (156 SE2d 45).

There is no evidence in the present record authorizing a determination that the trade-mark of the plaintiff, "Mode de Paris, France," has been used so long and exclusively that it has acquired a secondary meaning, designating the plaintiff's products. The plaintiff alleged that it had used the label approximately three years when it learned that the defendant was using a similar label, "Mode de France." There is no evidence as to the date the defendant began using its label.

An officer of the plaintiff stated that it had invested "a substantial amount of money" in advertising hairgoods under its label, but there is no evidence indicating that this advertising for such a short period of time has made the public consider the trade-mark as designating the plaintiff's products. There was no evidence that the defendant had used any unfair practices to deceive the public into thinking that its goods were those of the plaintiff.

The record shows that the wigs sold by both parties are imported from Korea. There is no evidence to show that the plaintiff has any better right than the defendant to use a label denoting that its wigs are in a style originating in France, or Paris, France, which has long had the reputation of being a fashion center.

The evidence before the trial judge did not authorize the grant of an interlocutory injunction, restraining the defendant from using its label.

*Judgment reversed. All the Justices concur.*