## 28438. HAYES et al. v. HALLMARK APARTMENTS et al.

JORDAN, Justice.

This is an appeal from the denial of the appellant's motion to dismiss a five-count complaint and for summary judgment, accompanied by a certificate for immediate review.

Hallmark Apartments, Inc. brought this action against the defendant, Hayes, and his corporation, Chelsea Manor, Ltd. Later added as plaintiffs by order of the trial court were Hallmark Manufacturing, Inc. and Smith & Walker, Inc. The final amended complaint contains five counts and generally alleges that the Hallmark people, who were experienced in the development of apartments, were approached by the appellant Hayes for advice in building apartments on property which he owned. Hallmark cooperated by making preliminary plans and relevant information available to Hayes for his use in obtaining construction financing. Hayes apparently was unable to secure such financing and asked Hallmark to come into the project as a fifty-fifty partner. Hallmark agreed to do so but the negotiations were never completed and communications between the parties terminated. The complaint further alleges that the appellants, Hayes and Chelsea Manor, Ltd. then built the apartments in Richmond County, Georgia known as Foxwood Apartments, using a design which Hallmark alleges is virtually identical to that

which had been supplied by them to the defendants.

The first four counts of the amended complaint are based respectively on theories of quantum meruit, contract, fraud, and unfair competition and ask for damages. The fifth count deals only with equitable relief, seeking an injunction to prevent the appellants from continuing to use the apartment plans on any other project and for a resulting trust on the profits of Foxwood Apartments in the hands of the appellants.

The appellants answered the complaint and submitted various affidavits, documents, and depositions and moved for a dismissal of the complaint and a summary judgment. The trial court overruled these motions on October 24, 1972, which is the basis of this appeal. *Held:*

1. There is no merit in the appellants' contention that the third count of the complaint, which deals with allegation of fraud, is insufficient because it alleges only broken promises as opposed to misrepresentation of existing facts and that the allegations of fraud are not stated with particularity as required by Code Ann. § 81A-109 (b). The exact language of the complaint with reference to fraud is as follows:

"10. Defendants' fraud existed in the making of certain false representations to the plaintiff by way of inducement including the following representations, to wit: (a) That defendants would employ the services of Hallmark Manufacturing, Inc. for furnishing all component parts in the construction of composed Foxwood Apartments; and (b) That defendants would account to plaintiffs for fifty percent of the net rents and profits derived from said apartment project as compensation for services extended and rendered by them."

Paragraph 15 of Count 3 further alleges that the defendants "At all times herein alleged acted in bad faith."

While fraud cannot generally be based on instances of misrepresentations as to future events, it may consist of such instances if, when the misrepresentation is made, the defendant knows that the future event will not take place. *Hill v. Stewart,* 93 Ga. App. 792 (92 SE2d 829).

While it has been said that allegations of fraud should "At the very least . . . designate the occasions on which affirmative misstatements were made and by whom and in what way they were acted upon," (*Diversified Holding Corp. v. Clayton McLendon*, 120 Ga. App. 455, 456 (170 SE2d 863), we conclude that the allegations in this petition taken as a whole are sufficient to withstand the motion to dismiss and the court did not err in so ruling. The purpose of Code Ann. § 81A-109 (b) is to insure that a defendant has sufficient notice to enable him to prepare a responsive pleading. As to the possibility of using a motion for a more definite statement instead of a motion to dismiss, see *DeWes Enterprises v. Town & Country Carpets,* 130 Ga. App. 610 (203 SE2d 867).

Neither did the trial court err in overruling a motion for summary judgment as to this count as the evidence submitted on the question of fraud was sufficient to create a genuine issue of fact dealing with the alleged misrepresentations and specifically with the intent of the appellants not to keep their promises at the time they made them, intent being generally proven only by inference rather than by direct evidence.

2. The trial court did not err in granting an interlocutory injunction enjoining the appellants from the further use of the apartment drawings and plans. While it is conceded that Foxwood Apartments have been completed, it is contended that these apartment designs are the exclusive trademark of the plaintiffs so that the mere possession of them by another party represents a potential threat. If, as appellants contend, there is no threatened use of the apartment plans, the grant of the injunction works no harm upon them. Appellants further argue that appellees' prayer for a resulting trust in the fifth count of the complaint should be dismissed because the case does not fit any such theory. However, if the allegations of fraud can be proven then a constructive trust is an appropriate remedy. *Hodges v. Hodges,* 213 Ga. 689 (100 SE2d 888). While the petition contains allegations in terms of a resulting trust rather than a constructive trust, mere terminology would not bar their remedy where the meaning is clear. Consequently, there is no merit to this portion of the appellants' argument.

3. In Count 4 of the petition the plaintiffs seek to recover damages by reason of the "unfair competition and unfair trade practices of the defendants" in appropriating plans for use in apartments which might cause the public to mistake such apartments for apartments built by the appellees, in which said plans the plaintiffs have a valuable property right. Unfair competition is a nomenclature for the doctrine that one cannot pass off his goods as those of another. The appellees' theory is that appellants have used their plans and drawings to produce apartment buildings which any reasonably cautious person might well believe are the same as those which the public associates as peculiarly belonging to appellees. The appellees would be required to show that they have so advertised and promoted the particular apartment design in question to the extent that it has become associated by the public with their name and that the public has in fact been confused about who built Foxwood Apartments. We conclude that the allegations of Count 4 are sufficient to set forth a claim upon which relief may be granted and the trial court did not err in so ruling. As to cases in this general area of torts see *Gordy v. Dunwody,* 209 Ga. 627 (74 SE2d 886); *Multiple Listing Service v. Metropolitan Multi-List,* 223 Ga. 837 (159 SE2d 52); *White's Wig Imports v. Wigmaster's Import Co.,* 226 Ga. 779 (177 SE2d 678); *Pearl Optical v. Pearle Optical of Ga.,* 218 Ga. 701 (130 SE2d 223); *Jones v. Spindel,* 113 Ga. App. 191 (147 SE2d 615).

4. Appellants' next contention is that their motion for summary judgment should have been granted with respect to the plaintiff, Smith & Walker, Inc. on the counts alleging theories of quantum meruit, or contract, fraud, and the count seeking a resulting trust upon the Foxwood profits. Smith & Walker, Inc., is an architectural firm which worked with Hallmark in designing the apartment plans which are the subject of this controversy. The officers of Smith & Walker admit in their depositions that appellant-Hayes and Smith & Walker, Inc., had no contact nor contract prior to the time this suit was brought but take the position that Hallmark held the plans as Smith & Walker's agent. The evidence in the record shows that Smith & Walker had

given the plans to Hallmark in return for compensation, although there was a conflict as to whether such compensation was a single sum paid once or an amount to be paid each time the plans were used. While the evidence is far from convincing that a principal-agent relationship existed between Smith & Walker and Hallmark, there is some evidence that Smith & Walker regarded the plans as being continuously under their control. On these facts the concept of agency could go to a jury. But even allowing that Hallmark held the plans as Smith & Walker's agent, there is no evidence whatever that the scope of Hallmark's authority extended beyond the use of the plans for constructing apartments, and certainly not to entering into contracts on Smith & Walker's behalf. Accordingly, any recovery by Smith & Walker on the theory of quantum meruit or upon an oral contract between Hallmark and the appellants would be excluded. Nor does Smith & Walker occupy a position from which it might claim to be a third-party beneficiary of any such contracts. Therefore, the trial court erred in denying the appellants' motion for summary judgment as to Smith & Walker, Inc. as to Counts 1 and 2. This same reasoning does not apply to Count 3 which alleges fraud, nor to the constructive trust sought in Count 5. As a principal, Smith & Walker would have the right to rely upon a representation made to its agent, and if harmed thereby could seek a recovery in fraud. Moreover, an agency theory is considered consistent with the idea that Smith & Walker continues to have property rights in the plans, and since it is the plans which are alleged to have been misappropriated, a constructive trust on the monies which are the fruits of the plans is not inappropriate.

5. We have carefully reviewed all of the other enumerations of error and find them to be without merit.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED JANUARY 14, 1974 — DECIDED MAY 7, 1974 — REHEARING DENIED MAY 28, 1974.

*Cumming, Nixon, Yow, Waller & Capers, Samuel C.*

*Waller,* for appellants.
*Burnside, Dye & Miller, Thomas R. Burnside, Jr., William J. Cooney, Michael Garrett,* for appellees.