### 29777. CAPES v. MORGAN et al.

INGRAM, Justice.

This appeal is from a final judgment of the Superior Court of Newton County dismissing the plaintiff's petition for declaratory judgment and writ of mandamus. The case arose from a dispute between the plaintiff, an individual member of the Newton County Board of Commissioners, and the chairman of the board involving the board's authority to overrule the decisions of the chairman in hiring and firing county employees. We affirm in part and reverse in part.

The adjudicated facts are these: on or about June 25, 1974, between meetings of the board, the chairman fired two employees of the County Ambulance Service and Emergency Medical Technician Program. Only two commissioners, one of whom was the plaintiff, made known their objections to the firing at the next meeting of the board held on July 2, 1974. Consequently, the board took no official action regarding the dismissal of the employees. On July 5 and 8, 1974, the same two commissioners restated their objections in writing.

The employee dismissal controversy continued, and

at another meeting of the board several commissioners requested the board conduct a hearing into the circumstances of the employee dismissals. The chairman agreed to the hearing, and it was held on July 11, 1974. At the next regular meeting of the board held on July 23, 1974, plaintiff moved that the board vote in order to determine whether the action of the chairman in firing the two employees should be binding on the board. The chairman ruled that the motion was out of order, and no vote was taken. Plaintiff made a similar motion at the July 30 meeting of the board. This motion also was ruled out of order by the chairman with the explanation that the matter of the employees' dismissals had become a moot question.

Thereafter, plaintiff filed with the chairman a written notice requesting the chairman to enter upon the calendar for the board's August 6th meeting an accusation against the chairman accusing him of failing to exercise duties imposed upon him by law. In particular, the accusation alleged that the chairman failed to permit the matter of the firings to be brought before the board for consideration by refusing to enter the matter on the calendar for the meeting of the board. The chairman refused to enter the accusation on the calendar, and plaintiff's oral motion to consider the accusation, made at the August 6th meeting, was declared out of order by the chairman.

Plaintiff then filed a petition in the superior court, individually and as a member of the board of commissioners, naming as defendants, individually and in their official capacities, the chairman of the board and the other members of the board. In his petition the plaintiff sought to have the court: (1) declare whether the board has the right to vote upon whether the chairman's acts shall be binding upon them, and, if so, whether the board can then overrule the chairman and themselves vote upon the matter of hiring and firing county employees; (2) declare whether the chairman has the right to refuse to enter upon the board's calendar a matter to be brought before the board, when a member of the board has given timely written notice; and, (3) issue a writ of mandamus directing the chairman to enter upon the

calendar of the board the matters of the accusation and the employees' dismissal.

The trial court granted the defendants' motion to dismiss the petition for failure to state a claim. That court held that § 6 (A) of the local Act creating the Newton County Board of Commissioners provides a procedure to contest any action of the chairman, and since three commissioners, the number required by § 6 (A) of the Act, did not object to the dismissals, the decision of the chairman in firing the employees became binding on the board. Therefore, the trial court reasoned that the question of the authority of the board to overrule the chairman's decision to fire employees had become a moot question.

The pertinent provisions of the local Act creating the Newton County Board of Commissioners are: § 6 (A) Ga. L. 1967, pp. 2784, 2788, as amended by Ga. L. 1972, pp. 3479, 3481; and § 6 (C), Ga. L. 1967, pp. 2784, 2788, as amended by Ga. L. 1971, pp. 3022, 3025. § 6 (A) provides: "The Board of Commissioners of Newton County shall be the policy making body of Newton County. The Chairman of the Board shall be the administrative officer of the county and unless otherwise prohibited, his acts shall be binding unless three members of the Board shall make their objections known, stating the reasons therefor, at an official meeting of the Board, or if a meeting is not scheduled to be held prior to said action by said Chairman, then three members of the Board shall make their objections known to the Chairman, in writing, stating their objections and the reasons therefor, and said action by the Chairman shall be stayed until the next official meeting of the Board. The Chairman may vote on any question when the members of the Board shall be evenly divided thereon."

Section 6 (C) provides in relevant part: "The Chairman of the Board of Commissioners shall have power and authority to hire and fire any and all employees . . . [t]he Chairman shall report to the Board at its regular monthly meetings all positions to be filled in the ensuing month and all suspensions or replacements thereof which took place in the prior month."

In ruling on the issues regarding the chairman's duty

to place matters on the board's calendar, the trial court held that under § 7 B (G) of the local Act (Ga. L. 1967, pp. 2784, 2788, as amended by Ga. L. 1972, pp. 3479, 3483), neither the remedy of mandamus nor a declaratory judgment was available to plaintiff. § 7 B (G) provides: "Should the Chairman fail to exercise any of his duties provided for by law, then a member of the Board, at the next regular meeting, may bring an accusation against such Chairman in writing and outlining the duties which such Chairman has failed to exercise, and order said Chairman to show cause why such duties have not been exercised. Such accusation shall be entered in the minutes of the meeting. The Chairman shall then be afforded an opportunity to respond to such charges and show cause why such duties have not been exercised, if in fact such duties were not exercised. Such response shall also be entered in the minutes of the meeting. If, after such accusation, response and further discussion, the entire Board feels that it is necessary for the welfare of the county to compel such Chairman to exercise such duties, the Board shall make a written request to the Judge of the Superior Court of Newton County to issue a writ of mandamus commanding the Chairman to exercise such duties."

Since plaintiff was not joined by the other commissioners in filing the present action against the chairman, the trial court held that he did not have the authority, acting alone, to bring a proceeding either for a writ of mandamus to compel the chairman to perform his duties, or to seek a declaration of the chairman's duties. We agree with this determination by the trial court, but do not consider this ruling dispositive of all issues raised in the case by the parties.

## I.
### Motion to Dismiss

While the motion filed by the defendants and heard by the trial court was denominated a motion to dismiss for failure to state a claim, the trial court, in ruling on the motion, considered a stipulation of facts filed by the parties. Since this matter outside the pleadings was presented to the trial court, the motion will be considered as a motion for summary judgment. Code Ann. § 81A-112

(b). See *Wisenbaker v. Wisenbaker*, 227 Ga. 610 (182 SE2d 114) (1971); *Clark v. Lett & Barron, Inc.*, 227 Ga. 609 (1) (182 SE2d 118) (1971); and *Maddox v. Hill*, 225 Ga. 147 (1) (166 SE2d 354) (1969). Therefore, the question presented is whether the pleadings and the stipulation "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Code Ann. § 81A-156 (c).

## II.
## The Board's Authority to Overrule Decisions of the Chairman

An important issue, which the appellant individual commissioner attempted to litigate in the trial court, was whether the board had the authority to overrule decisions of the chairman regarding the firing of county employees. The chairman contended that § 6 (a) of the local Act provides only a method for staying decisions of the chairman pending a hearing and does not provide a procedure for overruling any of his decisions. Alternatively, the chairman argues that even if some of his actions may be overruled by the board under the procedures of § 6 (a), nevertheless, since § 6 (a) does not expressly make his decisions on matters of hiring and firing subject to the board's power to overrule, such decisions are not reviewable by the board.

The trial court resolved the issue of the board's authority when it stated in its order, in reference to § 6 (a) of the Act, that "[t]he General Assembly has, in the Act creating the Newton County Board of Commissioners, provided a method to contest any action of the Chairman." We concur in this interpretation of the Act by the trial court. The ostensible purpose of this local legislation was to establish a check on the extensive powers of the chairman by providing the board with the authority to override the chairman's decisions.

However, even though we agree that § 6 (a) of the Act provides a method for overruling any action of the chairman, it also appears that appellant has no standing in this case to contest the merits of the employee dismissals by the chairman. Under this section of the Act, the actions of the chairman are binding unless three commissioners object "at an official meeting of the Board,

or if a meeting is not scheduled to be held prior to said action by said chairman, then three members of the Board shall make their objections known to the chairman, in writing, . . ." The record shows that three commissioners have not objected, at an official meeting of the board, to the chairman's action in firing these two employees. Appellant cannot ignore these provisions of the Act and come directly into court to have the matter determined on the merits when the Act itself provides an adequate remedy by persuading at least two other commissioners to join him in objecting to the chairman's dismissal of the employees.

## III.

### Refusal to Place Matters on the Board's Calendar

Appellant also sought a declaratory judgment and a writ of mandamus directing the chairman of the board to enter upon the board's calendar the matters of the appellant's accusation and the employees' dismissal. The trial court, however, declined to consider the merits of appellant's contentions, and instead, ruled that under § 7 (B) (G) of the local Act, appellant by himself does not have the authority to seek a declaratory judgment or a writ of mandamus to compel the chairman to perform his duties.

This portion of the Act, § 7 B (G), provides the procedure by the board for remedying a chairman's failure to perform his duties. A unanimous board is required under § 7 B (G) to petition the court for mandamus after the board first determines that the chairman has in fact failed to perform a duty imposed upon him by law and that it is necessary for the welfare of the county to compel the chairman to perform such duty. If the board is not unanimous in seeking the writ of mandamus, the issues raised by the accusation become moot. Therefore, as previously determined, a single commissioner would not be entitled to litigate the issues on their merits either through a petition for mandamus or a petition for declaratory judgment.

However, when the chairman denies a commissioner access to the accusation procedures specified in § 7 B (G), or otherwise renders the remedy provided by the statute ineffectual, then the aggrieved commissioner has no statutory remedy to vindicate his right to file an

accusation against the chairman for discussion and consideration by the entire board. We believe that, under these circumstances, an actual controversy exists and the underlying purpose of the § 7 B (G) accusation procedures contemplates that a single commissioner is authorized to seek a declaratory judgment and writ of mandamus. This judicial inquiry would necessarily be limited in scope to determine whether the chairman is required to place a particular accusation on the board's calendar, and, if so, to compel the chairman to place the accusation on the calendar for consideration by the entire board as provided in § 7 B (G) of the Act. Otherwise, the entire board could never consider an accusation filed by one or more commissioners less than the entire board. The Act provides that, "a member of the Board, at the next regular meeting, may bring an accusation against [the] Chairman . . . [and it] shall be entered in the minutes of the meeting."

This provision clearly contemplates that even a single commissioner has a right to have an accusation against the chairman considered by the entire board. The Act goes on to provide that, "[i]f, after such accusation, response [by the chairman] and further discussion, the entire Board feels that it is necessary," the board may then seek a writ of mandamus to compel the chairman to exercise such duties as are determined necessary by the entire board. Thus, while appellant has no standing to seek a declaration or mandamus on behalf of the entire board to require the chairman to exercise any duties, he does have a right under the statute to have his accusation considered by the entire board and to this extent the complaint stated a claim for the relief sought.

Consequently, this portion of the trial court's judgment will be reversed and the case will be remanded for the trial court to consider on the merits whether appellant's accusation was timely filed and otherwise satisfied the requirements of the statute so the court may determine if the chairman had a legal duty to place this accusation by appellant on the board's calendar for consideration and disposition by the entire Board of Commissioners.

*Judgment affirmed in part; reversed and remanded*

*in part. All the Justices concur.*

SUBMITTED MARCH 24, 1975 — DECIDED SEPTEMBER 11, 1975.

*P. Russell Tarver,* for appellant.
*Charles D. Strickland,* for appellees.