## 56103. LIMOLI v. FIRST GEORGIA BANK.

BIRDSONG, Judge.

Limoli brings this appeal from the grant of summary judgment to the appellee, First Georgia Bank. The facts necessary to this appeal show that Limoli is a practicing dentist. In accordance with common practice, he accepted cash or promissory notes from his patients for services rendered. Where he accepted notes, he routinely discounted those notes with a discount company, Baker & Co. If the patient was financially accountable, the note was discounted without guaranty by Limoli but if there was any doubt by Baker, Limoli would guaranty the note. Practice also established that if a patient became 90 days delinquent in payment, Baker would look to Limoli to bring the note current. Though Limoli paid many if not all of these delinquent payments by personal check, there were times that he did not have ready assets, in which case he would execute a personal note to Baker to bring all then-delinquent notes current. These patient notes, during the time which Limoli discounted notes, amounted perhaps to several hundred thousands of dollars.

Baker also engaged in financial transactions with the appellee, First Georgia Bank. The bank extended large sums of money to Baker to support Baker's discount business. As collateral therefor, Baker pledged notes it had discounted. Prior to October, 1970, Baker came into default on its obligations to the bank and the bank enforced its security interest in Baker's collateral. One of Baker's debtors was Limoli. The bank contacted Limoli and made demand for payment of a sum of $6,840. Limoli executed a note in that amount and paid the note in full to the bank. The note was paid in 36 equal installments. Limoli requested from the bank the underlying notes from his patients which he believed he had redeemed by his personal note. In spite of assurances that the notes would be delivered, Limoli did not obtain the notes. Three months after executing his note, Limoli was advised that the evidence of indebtedness would be surrendered upon full satisfaction of the $6,840 note. Subsequently, after the note had been satisfied, Limoli was informed that the bank had no such patient notes. Limoli, in October, 1975,

instituted this action in two counts, the first alleged that the bank had defrauded him by suing on a non-existent indebtedness and the second, in trover demanded the return of the notes, which were valuable property rights enabling him to recoup losses from defaulting patients. The bank moved for summary judgment on the ground that the statute of limitations had run on both counts. The trial court granted the summary judgment and this appeal followed. *Held:*

Both parties agree that four years is the applicable statutory limitation, based upon a complaint alleging fraudulent misrepresentation involving personalty. Code Ann. § 3-1002; *Worrill v. Pitney-Bowes, Inc.,* 128 Ga. App. 741, 743 (1) (197 SE2d 848). The bank established in the trial court that the limitations began to run on October 7, 1970, the date of the $6,840 note, and expired on October 6, 1974. Inasmuch as suit was not filed until October 31, 1975, the trial court held that the action was barred. Appellant urges, however, that the bank fraudulently lulled him into believing that he would get his choses in action after he paid the note in October, 1973, or more positively that the bank made a binding agreement to return the notes in October, 1973. It is Limoli's position that the statute did not commence until October, 1973, a date less than four years from the date of filing of his complaint in October, 1975.

We find appellant's argument to be strained. Appellant was informed that he owed $6,840, based upon notes devolving from Baker to the bank. Though he was understandably upset, he did not contest the indebtedness and made immediate arrangements to pay it. Limoli asked to see the "paper" held by the bank and also asked to have it returned. However, at no time did Limoli go to the bank or make other legal demand to see evidence of the indebtedness. Thus, he voluntarily made full repayment without ever exercising the slightest degree of caution or care to protect his own rights. There is no evidence that the bank refused to show Limoli any documents, only that it refused to return any documents to his custody pending payment of his own note executed to the bank in October, 1970.

The statute of limitations begins to run on a cause of

action on the date that suit on the claim can first be successfully maintained. *Mobley v. Murray County,* 178 Ga. 388 (1) (173 SE 680); see *Hoffman v. Ins. Co. of N. A.,* 241 Ga. 328, 329 (245 SE2d 287). Assuming arguendo that there was fraud perpetrated by the bank, it originated in the claim of indebtedness, which was made prior to October, 1970, and was consummated with the execution of Limoli's note on October 6, 1970. Limoli could have protected himself by demanding to see the evidence of indebtedness from the date the note was signed and we are satisfied that he could have compelled such disclosure. He was aware from the first that the bank was reluctant and even refusing to deliver the alleged choses in action to Limoli's custody. The complaint clearly alleges that the acts of fraud began in October, 1970, when the bank induced Limoli to execute the note to pay the alleged non-existent indebtedness. Even assuming that the bank obtained Limoli's consent to delay the return of the notes until 1973, this still does not excuse Limoli from ascertaining the actuality and veracity of the indebtedness. Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitations (*Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App. 424, 425 (151 SE2d 481)), for a plaintiff must exercise reasonable diligence to learn of the existence of a cause of action. *Crawford v. McDonald,* 125 Ga. App. 289, 290 (187 SE2d 542). Limoli knew something was amiss about the indebtedness within three months of October, 1970, if not earlier. This knowledge of the vagueness of the indebtedness commenced the running of the statute of limitations not later than early 1971. *Webb v. Lewis,* 133 Ga. App. 18, 22 (209 SE2d 712). Under these undisputed facts, the claim was barred months prior to the filing of appellant's action in October, 1975. *Sears, Roebuck & Co. v. Green,* 142 Ga. App. 770, 771 (237 SE2d 10).

Appellant attempts to avoid the necessity of his duty to exercise reasonable diligence by arguing that the bank was in a confidential relationship with him and thus he was relieved from the exercise of caution. See *Perkins v. First Nat. Bank,* 221 Ga. 82, 95-96 (143 SE2d 474). In effect, appellant argues that banking is a technical business dealing with the public and that a bank owes an

obligation to its customers to act legally and fairly. We are unaware of such a broad rule of protection. The mere fact that one reposes trust and confidence in another does not create a confidential relationship. In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is created no confidential relationship by this alone. *Dover v. Burns,* 186 Ga. 19, 26 (196 SE 785); *Lewis v. Alderman,* 117 Ga. App. 855 (1) (162 SE2d 440). Appellant has shown no special relationship imposed upon the bank either by statute or by contract to protect his rights to the exclusion of those of any other's. On the contrary, the evidence shows that the bank held documents of indebtedness and dealt with Limoli at arm's length as a creditor to a debtor. This argument by appellant must fail.

Though an issue of fraud may have been raised by the pleadings, the bank has established as a matter of law that the cause of action is barred by the statute of limitations. Appellant has not shown any issue of material fact as to this. In such circumstances, the appellee bank was entitled to a grant of summary judgment, and the trial court did not err in granting the motion for summary judgment in favor of the bank. *Raven v. Dodd's Auto Sales &c. Inc.,* 117 Ga. App. 416 (160 SE2d 633); *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JUNE 26, 1978 — DECIDED SEPTEMBER 12, 1978 — REHEARING DENIED OCTOBER 30, 1978 —

*Paul R. Koehler,* for appellant.
*Troutman, Sanders, Lockerman & Ashmore, Donald J. Ellis,* for appellee.