60036. HOPKINS v. CITY OF PHILADELPHIA.

SHULMAN, Judge.

Appellee brought suit to domesticate a Pennsylvania judgment for back taxes. This appeal is from a judgment by the trial court, sitting without a jury, awarding appellee the entire amount sought in its complaint. We affirm.

1. In two enumerations of error, appellant seeks to contest the jurisdiction of the Pennsylvania court over his person. The record shows that appellant appeared, by and through counsel, and contested the Pennsylvania suit on its merits. That being so, appellant's attack on the jurisdiction of the Pennsylvania court is without merit. *Tarver v. Jordan,* 225 Ga. 749 (171 SE2d 514).

2. Appellant's fourth enumeration of error raises the issue of the compatibility of the Pennsylvania judgment with the public policy of

this state as expressed by statute. The suit in Pennsylvania was for employment taxes assessed by the City of Philadelphia pursuant to a city ordinance. Appellant argues that the imposition of an employment tax by a municipality is contrary to the public policy of Georgia as expressed in Code Ann. § 91A-6014 (a): "Except as may be authorized by general law, no municipality may levy any tax upon an individual for the privilege of working within or being employed within the limits of such municipality."

Even assuming the trial court would have been bound in December, 1979, by the quoted statute which became effective in March, 1980, the very language of the statute refutes appellant's argument. The first phrase of the section, "Except as may be authorized by general law," does not express a public policy against employment tax: it reserves to the legislature the power to authorize such a tax. Appellant's contrary interpretation of the statute is mistaken.

3. Contending that the Pennsylvania judgment includes an amount assessed as a penalty, appellant submits that the judgment was therefore not entitled to full faith and credit in Georgia. Pretermitting the question of whether this state will give full faith and credit to a judgment which includes as an element of the damages awarded a penalty, appellant's assertion is not supported by the record. The judgment of the Pennsylvania court does not apportion the damages awarded. It cannot, therefore, be said with any certainty that the judgment includes a penalty.

And even had appellant's argument on this issue had any merit, his failure to raise it in the trial court in any manner provides no basis for consideration by this court. *Ocilla Truck & Implement Co. v. Nolan,* 124 Ga. App. 417 (3) (184 SE2d 48).

4. Since appellant has failed to demonstrate any error in the judgment in this case, we find no basis for reversal.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JUNE 16, 1980 — DECIDED
SEPTEMBER 3, 1980.

*Henrietta E. Turnquest,* for appellant.
*W. Christopher Bracken,* for appellee.