62584. WILLIS et al. v. RABUN COUNTY BANK.

SHULMAN, Presiding Judge.

Appellant Wiley (Willis has withdrawn from this litigation) executed a note along with three others (including Willis) in favor of appellee. The note was secured by property on which was located the business venture for which the money was borrowed. The note recited that the obligors were jointly and severally liable for the repayment of the loan. Subsequently, Wiley and Willis executed another note to appellee. The payment of that note, which also provided for joint and several liability, was secured by a secondary security deed on residential property owned by Wiley and Willis. After the second loan was repaid, Wiley and Willis sought cancellation of the secondary security deed. Appellee refused to cancel the deed, relying on an open-ended or dragnet clause in the secondary security deed. That clause, the bank asserted, permitted the bank to retain the

security deed as security for the then unpaid loan. Wiley and Willis brought suit to have the secondary security deed cancelled and to recover damages for the bank's failure to do so voluntarily. By amendment, a claim under the Secondary Security Deed Act (Code Ann. Ch. 57-2) and a claim for usury were added to the complaint. During the course of the litigation, Willis withdrew and transferred all his interest in the property and the suit to Wiley. This appeal is from a judgment for appellee bank on all counts of appellant's complaint.

1. The trial court entered judgment for appellee by granting appellee's motion to dismiss. Appellant correctly points out that the trial court's consideration of matters outside the pleadings converted the motion to dismiss into a motion for summary judgment. *Capes v. Morgan,* 235 Ga. 1 (I) (218 SE2d 764). The first enumeration of error asserted by appellant is that the trial court erred in considering a copy of the first deed to secure debt which was attached as an exhibit to appellee's brief filed in support of the motion to dismiss. The brief and attachment were filed less than 30 days before judgment was entered. See *Porter Coatings v. Stein Steel &c. Co.,* 247 Ga. 631 (278 SE2d 377).

Although the trial court did refer in its order to "Defendant's Exhibit 1," it is abundantly clear from the context that the court was referring to the secondary security deed which formed the basis for this suit. A copy of that security deed was attached as an exhibit to appellant's complaint which was filed more than 30 days before the judgment was entered. Therefore, there has been no showing that the trial court considered any tardily submitted evidence. See *Porter Coatings,* supra.

2. Three of appellant's enumerations of error (corresponding to three of the theories of recovery asserted in his complaint) depend on the inapplicability of the dragnet clause in the second deed to secure debt. Those enumerations of error are without merit because the dragnet clause was valid and authorized the bank to refuse to cancel the security deed when the debt for which it was originally given was paid.

Code Ann. § 67-1316 limits the operation of dragnet clauses to "other debts arising ex contractu . . . between the original parties to such security instrument." The security instrument in this case which corresponds to "such security instrument" in the statute is the secondary security deed given by Wiley and Willis on their residential property. The parties to that security instrument were Wiley and Willis on one side and the bank on the other. The "other debt" in this case was the previously executed note on which Wiley and Willis were joint and several obligors. That debt arose ex

contractu between the same parties. It follows that the dragnet clause in the secondary security deed was effective to make that residential property security for the previous loan. "Deeds to secure debt with open end or dragnet clauses continue to be effective so long as there exists indebtedness between the grantor and the grantee." *C & S DeKalb Bank v. Hicks,* 232 Ga. 244, 246 (206 SE2d 22). Since the bank was authorized to hold the security deed so long as the first debt was still owing, the bank breached no duty to appellant by refusing to cancel the deed before that debt was paid. Therefore, all of appellant's grounds for relief which depended on the wrongfulness of the bank's refusal must fail.

3. One count of appellant's complaint was based on fraud. Appellant alleged that when he paid off the loan for which the secondary security deed was originally given, an agent of the bank told him that the bank would mark the deed satisfied. In reliance on that promise, appellant contends, he entered into a contract for the sale of the property named in the secondary security deed. When the bank subsequently refused to release the security deed, the sale was not consummated.

The trial court dealt with this issue on an evidentiary basis, ruling that appellant's contentions amounted to an attempt to vary the terms of a written contract by parol evidence. Whether that ruling was correct or not, a review of the record indicates that a judgment for appellee was demanded.

"The trial court did not err in granting summary judgment to the defendant. Although fraud can be predicated on a mis-representation as to a future event where the defendant knows that the future event will not take place [cits.], fraud cannot be pred-icated on a promise which is unenforceable at the time it is made. [Cits.]" *Beasley v. Ponder,* 143 Ga. App. 810 (240 SE2d 111). As the trial court in the present case noted, the promise on which appellant based his fraud allegations was wholly without consideration. It was, therefore, unenforceable (Code Ann. § 20-301) and could not constitute a fraudulent representation. We find no error in the entry of judgment for defendant on the fraud count of appellant's complaint.

4. The fifth count of the appellant's complaint, added by amendment, alleged that appellee violated the Secondary Security Deed Act by failing to provide the closing statement required by Code Ann. § 57-204 and by failing to make a proper rebate in accordance with Code Ann. § 57-201 when the loan was renewed. Without reaching the merits of that count of the complaint, the trial court, relying on *Rewis v. Browning,* 153 Ga. App. 352 (265 SE2d 316) found that the Secondary Security Deed Act was inapplicable to the loan in

this case because appellant had admitted on deposition that part of the proceeds from the loan were used for business purposes.

The trial court's interpretation of *Rewis v. Browing,* supra, was incorrect. In that case, Code Ann. Ch. 57-2 was inapplicable not because a loan for business purposes was involved, but because no *money* was loaned: ". . . the note . . . was given in exchange for materials used in appellant-Ronald Rewis' business." Id., p. 353. In the present case, however, it is undisputed that appellant received money for the note secured by the secondary security deed. Therefore, the holding in *Rewis v. Browning* has no effect on the applicability of the Secondary Security Deed Act to the note here involved.

However, we find that the trial court was correct in ruling that the Secondary Security Deed Act does not apply in this case. In *C & S South DeKalb Bank v. Watkins,* 236 Ga. 759 (2) (225 SE2d 266), the Supreme Court was faced with a conflict between the Secondary Security Deed Act and Code Ann. § 57-101.1, the statute which governs the interest rate, generally, on loans secured by real estate. Their holding, with interest rates changed to reflect the law at the time the note in this case was executed, was as follows: "Code Ann. § 57-101.1, allowing [10]% interest per annum on transactions secured by real estate, modifies all other interest statutes except specified statutes authorizing a greater rate of interest than [9]% per annum. While the secondary security deed statute is one of the named statutes, the clear intention is that only where the permitted service charge makes the interest charge exceed [9]% per annum is that statute excepted from those modified by Code Ann. § 57-101.1." Id., p. 763. Although there was no service charge made on the note in *Watkins* and there was a service charge made on the note in this case, we believe the same principle controls. In the present case, it was not the service charge but the stated interest rate (9.5%) which caused the interest in this case to exceed the basic maximum interest rate established by Code Ann. § 57-101. Therefore, the Secondary Security Deed Act is *not* exempted from those modified by Code Ann. § 57-101.1. That being so, this was not a transaction governed by the Secondary Security Deed Act and the trial court was correct in dismissing appellant's claim thereon.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 21, 1982 —
REHEARING DENIED FEBRUARY 4, 1982 — 

*Fred J. Stokes,* for appellants.

*John A. Dickerson,* for appellee.