63638. SALOME v. FIRST NATIONAL BANK OF ATLANTA.

McMURRAY, Presiding Judge.

Salome entered into an agreement with The First National Bank of Atlanta, d/b/a Atlanta Leasing Center, to lease (with an option to purchase) a 1979 Cadillac automobile for 39 months at a rate of $349.44 a month. Salome contends the automobile incurred many malfunctions causing replacement of parts and repairs, the expense of which was borne by him, and he refused to continue paying the monthly rental rates until either the car was put in order or returned to the bank.

The bank repossessed the automobile and brought suit against Salome, contending that under the lease agreement he was indebted to it in the amount of $5,068.75 plus interest of $253 and 15% of the entire sum as attorney fees.

Defendant Salome answered and filed a counterclaim alleging various defects in the automobile, the incurring of repair costs, tire replacements and loss of use and seeking damages arising therefrom.

Plaintiff moved for judgment on the pleadings as to the counterclaim and requested a hearing on defendant's defenses. After a hearing, the trial court dismissed the counterclaim and ordered that certain defenses be stricken. Plaintiff then moved for summary judgment. Defendant filed no affidavits in opposition to any of the plaintiff's motions or pleadings, nor was any testimony or other evidence presented in his behalf at the hearings. Summary judgment was granted in favor of the plaintiff, and defendant appeals. *Held:*

1. Defendant's enumeration that the trial court erroneously held the lease agreement not to be subject to the implied warranty provisions of Code Ann. §§ 109A-2—314 and 109A-2—315 (Ga. L. 1962, pp. 156, 189, 190) is not sustained by the record. His contention that the agreement was for a "provisional sale" rather than a lease of the automobile is made for the first time on appeal, "[a]nd even had appellant's argument on this issue had any merit, his failure to raise it in the trial court in any manner provides no basis for consideration by

this court. [Cit.]" *Hopkins v. City of Philadelphia,* 155 Ga. App. 534, 535 (3) (271 SE2d 672).

2. Defendant has offered us no evidence by affidavit or deposition to support his assertion that he was fraudulently induced to execute the lease agreement. By the terms of the agreement plaintiff expressly disclaimed any warranties of fitness or merchantability of the leased vehicle or costs of any damages whatever or however arising from its use. "When motion for summary judgment is made, the adverse party may not rest upon the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. [Cit.]" *Oliver v. Thomas,* 158 Ga. App. 388, 389 (280 SE2d 416). "We find the trial court was correct in granting appellees' motion for summary judgment. All prior agreements and negotiations were merged into the final written contract. Appellant has alleged no fraud which would have prevented him from reading the merged agreement before signing it. There was no legal basis for the reformation of the lease-option agreement. Appellant was bound by the terms of the written agreement." *Mitchell v. Excelsior Sales &c., Inc.,* 243 Ga. 813, 815 (1) (256 SE2d 785).

3. Our study of the record indicates no basis for the award of interest in the amount of $253, and counsel for plaintiff concedes that no evidence was introduced to substantiate this portion of the judgment. Therefore, the judgment is affirmed on condition that the $253 awarded as interest be written off and the judgment amended to reflect damages in the amount of $5,068.75 plus 15% of that amount as attorney fees.

*Judgment affirmed with direction. Banke and Birdsong, JJ., concur.*

DECIDED MAY 19, 1982.

*Robert S. Windholz,* for appellant.
*Stephen J. Knezo, Wayne C. Crowe,* for appellee.