## 66599. PHILLIPS v. ATLANTIC BANK & TRUST COMPANY.

BIRDSONG, Judge.

This is an appeal from the grant of defendant/appellee's (bank's) motion for summary judgment in this action based upon alleged fraud and breach of oral promise in connection with the foreclosure by appellee upon real estate formerly owned by appellant. Appellant on appeal cites five errors in the judgment of the trial court.

Appellant procured from appellee short term financing, in the form of a 90-day note, for certain rental property. The note was subsequently renewed, and appellant ultimately defaulted under a renewal. Appellee then foreclosed upon the property pursuant to the terms of the security deed. Appellant does not allege that the foreclosure contravened the foreclosure provisions of the security deed. Appellee purchased the property at the foreclosure sale and subsequently sold it for a substantial profit.

The gravamen of appellant's complaint in this action concerns two oral promises appellee allegedly made but failed to keep. Appellant first contends that appellee assured him at the time the financing was obtained that it would procure long-term financing for the property when appellee had no intention of performing this obligation. Secondly, appellant contends that he received assurances from appellee, after the property had been advertised for sale, that the foreclosure would not take place. In this regard, appellant testified by deposition that he contacted appellee several days prior to foreclosure and presented a contingent sales contract on the property due to close several days after foreclosure. Appellant stated that he received oral assurances that appellee would not foreclose and would allow the sales agreement to consummate. After foreclosure, appellee sold the property pursuant to another sales contract to the same purchaser appearing on appellant's sales contract. Appellant seeks to recover in this action the difference between the price at which the property was purchased at foreclosure and the price for which appellee ultimately sold the property. Appellant also seeks punitive damages and attorney fees.

1.(a) Appellant's claim of fraud based upon appellee's alleged promise to secure long term financing for the property presents no actionable cause. "[A] promise, even a false promise, to perform an act in the future is not a false pretense or false representation, and does not constitute the basis for an action for fraud." *Hornsby v. First National Bank,* 154 Ga. App. 155, 157 (267 SE2d 780). Thus, the first enumeration of error is without merit.

(b) Appellee's alleged "agreement" not to foreclose also constitutes nothing more than an unenforceable, broken promise, unsupported by consideration. Consequently, appellant's claim of fraud based on this alleged promise must fail. OCGA § 13-3-40 (a) (Code Ann. § 20-301); *Willis v. Rabun County Bank,* 161 Ga. App. 151, 153 (291 SE2d 52); *Turpin v. North American Acceptance Corp.,* 119 Ga. App. 212 (1) (166 SE2d 588).

Appellant argues that the sales contract on the subject property he allegedly presented to appellee prior to foreclosure constituted sufficient consideration in exchange for appellee's promise not to foreclose. We disagree. Appellant admittedly was in default under the note. The alleged, new "agreement" obligated appellant to do nothing more than he was already obligated to do under the note. "An agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another." *Johnson v. Hinson,* 188 Ga. 639 (2) (4 SE2d 561). See also *Llop v. Nat. Bank of Ga.,* 154 Ga. App. 504 (268 SE2d 777). Appellant's second enumeration is without merit.

(c) Appellant devotes one paragraph of his brief to an argument based on promissory estoppel. However, careful review of the pleadings and record demonstrates that this theory of recovery was not raised in the complaint or any other manner before the trial court. Thus, appellant is precluded from making this argument for the first time on appeal. *Salome v. First Nat. Bank of Atlanta,* 162 Ga. App. 394 (1) (291 SE2d 452); *Hopkins v. City of Philadelphia,* 155 Ga. App. 534 (3) (271 SE2d 672).

2. Appellant's third enumeration of error attacks the trial court's finding that the parol evidence rule prevents admission of evidence regarding appellee's alleged promise to forbear foreclosure. In view of our wording in Division 1(b) above, the issue presented by this enumeration is moot.

3. Appellant's fourth enumeration of error challenges the trial court's conclusion that appellee owed appellant no fiduciary or agency duty as to the manner of conducting the foreclosure sale pursuant to the security deed. As previously stated, appellant has shown no manner in which the sale contravened the terms of the agreement between the parties. As stated in *Wall v. Fed. Land Bank,* 156 Ga. App. 368, 372 (274 SE2d 753): "[E]ven if a party places special trust and confidence in a bank or its officers, this does not create a confidential or fiduciary relationship which would entitle the party seeking to avoid an obligation to the bank by alleging reliance upon oral communications between the bank officers and that party which might otherwise vitiate the transaction." Creditors deal with debtors

at arm's length, and do not stand in a fiduciary capacity in relationship to the debtor. *Limoli v. First Georgia Bank,* 147 Ga. App. 755, 758 (250 SE2d 155). "[W]hen a power of sale is exercised, ' "(a)ll that is required of (the foreclosing party) is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith." (Cits.)' *Giordano v. Stubbs,* 228 Ga. 75, 78 (184 SE2d 165) (1971)." *Kennedy v. Gwinnett Commercial Bank,* 155 Ga. App. 327, 330 (270 SE2d 867). Consequently, the trial court did not err in concluding that no relationship of a fiduciary nature existed between the parties.

4. In his final enumeration of error, appellant contends that the trial court erred in finding that appellant had failed to set forth a cause of action for fraud and deceit. This contention is addressed in the earlier divisions of this opinion and needs no further elaboration. Appellant's contention that the foreclosure sale was improper under *Kennedy v. Gwinnett Commercial Bank,* supra, must fail. There is no showing that the sale was not conducted in good faith or according to the terms of the security deed. *Kennedy,* supra. Allegations of alleged misrepresentations prior to foreclosure and inadequacy of price at foreclosure do not constitute a showing that the foreclosure was conducted improperly.

Since the record demonstrates no genuine issue of material fact as to appellee's liability in this action, the trial court properly granted appellee's motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 23, 1983 —
REHEARING DENIED OCTOBER 25, 1983 — 

*W. Jan Jankowski,* for appellant.
*J. Curtis Lewis III,* for appellee.

ON MOTION FOR REHEARING.

Appellant contends in his motion for rehearing that appellee's representation, made at the time the financing was obtained, that it would procure long-term financing for the property supports his fraud claim because the evidence generated on motion for summary judgment creates an issue of material fact as to whether appellee intended to perform this alleged promise at the time it was made. Thus, appellant contends that the promise may constitute actionable fraud pursuant to *Hayes v. Hallmark Apts.,* 232 Ga. 307, 308 (207 SE2d 197). However, a careful review of the record demonstrates no

evidence to support the contention that appellee had no intention to perform the alleged promise with respect to long-term financing. The subject loan was made to appellant in January 1979. Appellee phased out its mortgage loan department in late 1979 or early 1980. Appellant argues that the latter fact creates a genuine issue as to whether appellee intended to perform its alleged promise to procure long-term financing for the property when that promise was allegedly made in January 1979. However, appellant's contention overlooks the unrebutted, unimpeached affidavit testimony of appellee's officer who allegedly made the promise for long-term financing. That officer deposed that he did undertake specific efforts to obtain long-term financing for the property. This direct, unimpeached testimony showing that appellee undertook to perform on its alleged promise is not rebutted by the circumstantial evidence that it phased out its mortgage loan department approximately one year later, which is not inconsistent with the testimony as to performance. "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. . . . Absent direct evidence to the contrary or circumstantial evidence *necessarily inconsistent with* [the testimony of appellee's officer], neither of which appears in this case . . . appellee is entitled to summary judgment on the issue of whether [appellee had no intention to perform its alleged promise with respect to long-term financing]." (Emphasis supplied.) *Splish Splash Water Slides v. Cherokee Ins. Co.,* 167 Ga. App. 589 (4e) (307 SE2d 107). Appellant has simply failed to present evidence that would bring this case within the *Hayes* rule; thus, the case falls within the rule enunciated in *Hornsby v. First Nat. Bank,* supra, precluding a claim of fraud based upon a promise to perform a future act.

We have reviewed the other contentions made in appellant's motion for rehearing and likewise find them to be without merit.

*Motion for rehearing denied.*