77205. FIRST GEORGIA LEASING, INC. v. FIRST GEORGIA BANK et al.
(374 SE2d 751)

DEEN, Presiding Judge.

First Georgia Leasing, Inc., appeals from an order of the trial court which granted a directed verdict in favor of First Georgia Bank. First Georgia Leasing brought suit against the bank under the Georgia Trademark Statute and the Uniform Deceptive Practices Act seeking to recover all of the profits earned by First Georgia Bank from its vehicle leasing operation for a seven-year period, exemplary damages, and attorney fees. A few months before trial, the complaint was amended to assert a claim for "unsanctioned appropriation of plaintiff's corporate name" and sought to recover "the reasonable value of the benefit derived by the defendant in its use of the plaintiff's name."

1. Although appellant claimed that First Georgia Bank, by calling its auto leasing division "First Georgia Bank Leasing," appropriated its corporate name, "First Georgia Leasing, Inc.," the evidence showed that no one ever adopted the leasing company's corporate name to describe its vehicle leasing operation. The issue is therefore whether the bank appropriated appellant's trade name, "First Georgia Leasing," and whether the bank's use of "First Georgia Bank Leasing" rendered it liable for unfair competition.

It has long been established that "when a person has adopted, as the name of a business, a term originally geographical and by his efforts develops a reputation and goodwill for his business and products so that the name comes to mean that particular business and its products in the public mind, the name acquires a secondary meaning and the owner is entitled to protection in its use." *National Brands Stores v. Muse & Assoc.*, 183 Ga. 88 (187 SE 84) (1936). The courts have found that the absence of any proof by the plaintiff of a second-

ary meaning for its trade name was dispositive of the case. See *White's Wig Imports v. Wigmasters' Import Co.*, 226 Ga. 779 (177 SE2d 678) (1970); *First Fed. Savings &c. Assn. v. First Fin. &c. Corp.*, 207 Ga. 695 (64 SE2d 58) (1951); *Dolphin Homes Corp. v. Tocomc Dev. Corp.*, 223 Ga. 455 (156 SE2d 45) (1967); *Multiple Realty v. Multiple Listing Svc.*, 220 Ga. 437 (139 SE2d 326) (1964).

In the instant case, the evidence showed that First Georgia Bank had used the name "First Georgia" for four and one-half years before appellant was incorporated. The testimony of the plaintiff's witnesses showed that the general public equated the name "First Georgia" with the bank because the leasing company frequently received telephone calls from people who thought that they were calling the bank's leasing department. The remaining evidence presented no proof that the leasing company's trade name had acquired a secondary meaning. It consisted of newspaper advertisements (without the name of the publication, date, or frequency of the ads), testimony that flyers were placed on cars in shopping centers (without the number of cars, dates, or location stated), and testimony that the business was listed in the 1985 suburban Yellow Pages telephone directory.

As appellant presented no evidence to prove that its trade name had acquired a secondary meaning, the trial court did not err in granting a motion for a directed verdict in favor of the defendant. "The directing of a verdict is a 'very, very grave matter' [Cit.], and as a vehicle of justice, is proper only where 'there is no issue of (material) fact, or unless the proved facts, viewed from every possible legal point, would sustain no other finding than the one so directed [Cit.]' . . . The directed verdict is a substantive procedure for removing the case from the jury when the plaintiff's evidence viewed in the most favorable light is without conflict, and all the reasonable deductions therefrom demand a verdict for the defendant." *Able-Craft, Inc. v. Bradshaw*, 167 Ga. App. 725, 726 (307 SE2d 671) (1983). We find no error in the trial court's grant of a directed verdict in favor of the defendant.

2. As appellant has not established a *prima facie* case of liability and had completed all of its case except for the testimony of the bank's comptroller, it was not error to exclude his testimony. Appellant sought this evidence only as a part of its effort to prove the bank's profits, which it contended were the proper measure of damages. We find no error in excluding this evidence.

3. Appellant also asserts as error the trial court's exclusion of certain newspaper and telephone directory advertisements. There was no authentication of these documents except for the testimony of the widow of First Georgia Leasing's president that she saw such advertisements in the suburban Yellow Pages. The court sustained the defendant's objection to the admission into evidence of photocopies of

the advertisements. OCGA § 24-5-4 (a) provides: "The best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." Photostatic copies are not best evidence and may not be admitted over objection without accounting for the original. *Jones v. Sudduth*, 162 Ga. App. 602, 603 (292 SE2d 448) (1982); *Cox v. State*, 93 Ga. App. 533 (92 SE2d 260) (1956).

4. Appellee's motion for a $500 penalty for a frivolous appeal is denied.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 3, 1988 —
REHEARING DENIED OCTOBER 18, 1988 

*James L. Ford*, for appellant.
*Herbert D. Shellhouse*, for appellees.