168 So. 569

**EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. ROBERTS.**

**6 Div. 932.**

Supreme Court of Alabama.

May 21, 1936.

Rehearing Denied June 11, 1936.

**540**

Howze & Brown, of Birmingham, for appellant.

Harris Burns, of Birmingham, for appellee.

THOMAS, Justice.

This suit was for interest that had accrued upon the amount due on a policy of life insurance.

█ ] The amount due was not paid into court, and such tender as was made was not absolute and was coupled with a condition, as shown by the evidence of defendant's cashier, who testified that the amount due "under the policy as extended term insurance" would be delivered to plaintiff "if the policy was surrendered." This, coupled with the tender which contained a material condition, destroyed its efficacy as affecting liability for interest. Dozier v. Vizard Inv. Co., 203 Ala. 421, 83 So. 572; Commercial Fire Ins. Co. v. Allen et al., 80 Ala. 571, 1 So. 202; Derby v. Bell, 217 Ala. 529, 117 So. 8.

█ A positive declaration of a creditor that he will not accept tender relieves the debtor from making tender, so long as that attitude is maintained. This status is changed, however, where the creditor states an unwillingness to accept tender made because the condition of such acceptance is to be in full of all claims and surrender of the legal right to sue on any phase of the matter in controversy. Such a declaration does not give the debtor excuse for not tendering the amount due. Root v. Johnson, 99 Ala. 90, 92, 10 So. 293; Odum v. Rutledge & Julian Railroad Co., 94 Ala. 488, 496, 10 So. 222; 62 C.J. 676, 677.

In Wilhite v. Ryan, 66 Ala. 106, 109, the rule is thus stated: "It is a correct general rule of law, that every tender of money, by a debtor to a creditor, must be absolute, and not coupled with conditions. It must not be offered in full of all demands, or on condition that the creditor return the necessary change, or execute a release, or on other similar terms leading to the embarrassment of the creditor's legal rights.—2 Greenl.Ev. § 605; Bakeman v. Pooler, 15 Wend.[N.Y.] 637. If, however, the condition interpolated is one not prejudicial to the creditor, and on which the debtor has a right, under the contract, to insist, it does not vitiate the tender.—Wheelock v. Tanner, 39 N.Y. 481; Saunders v. Frost, 5 Pick.[Mass.] 259, 16 Am. Dec. 394."

The evidence shows that in this case there was a bona fide insistence on the part of the defendant of the fact of forfeiture, and on plaintiff's part of double indemnity. Two decisions of this court were invoked in the settlement of such controversies, and reported as Equitable Life Assur. Soc. v. Roberts, 228 Ala. 540, 154 So. 97; Id., 226 Ala. 8, 145 So. 157.

The demand for the surrender of the policy presupposed the surrender of the right to litigate further as to the asserted double indemnity, and declination to accept under such condition made destroyed the efficacy of such tender as affecting the right of the recovery of interest.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.