FRANK DIBENEDETTO, PLAINTIFF, v. ESTATE OF ANTOINETTE DIBENEDETTO, DECEASED, ET AL, DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided April 9, 1986.

144

See also, 218 N.J.Super. 140.

*Carl L. Taraschi* for plaintiff.

R. *Alan Aslaksen* for defendant Commercial Union Insurance Companies.

F. *Herbert Owens,* III for defendant Ohio Casualty Company (*Montano, Summers, Mullen, Manuel & Owens,* attorneys).

HAINES, A.J.S.C.

■ Plaintiff recovered a judgment against defendants in the amount of $514,712.86 ($400,000 plus $114,542.46 prejudgment interest and costs of $170.40) on May 4, 1984. Defendants were insured by Commercial Union Insurance Companies in the amount of $100,000 and by Ohio Casualty Insurance Company in the additional amount of $100,000. These policy limits (plus $3,813.70 representing postjudgment interest) were paid to plaintiff after the exhaustion of appellate proceedings. Commercial Union's policy contained the following language:

> The company will pay, in addition to the applicable limit of liability: (a) all expenses incurred by the company, all costs taxed against the insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in Court that part of the judgment which does not exceed the limit of the company's liability thereon....

Ohio Casualty made a like promise in slightly different language:

> To pay, in addition to the applicable limits of liability: (a) all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in Court that part of the judgment which does not exceed the limit of the company's liability thereon....

Plaintiff claims that both companies therefore have an obligation to pay accrued interest on the full amount of the judgment. The companies, however, argue that their obligation is to pay interest only on the policy limits of $100,000 each. The issue is presented by crossmotions for summary judgment. There are no disputed facts; this opinion grants plaintiff's motion.

Only one case in New Jersey has addressed the issue: *Germer v. Public Service Mutual Ins. Co.,* 99 *N.J.Super.* 137 (Law

Div.1967). In *Germer,* the insurance policy obligated the company to pay:

> ... all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of judgment as to not exceed the limit of the company's liability thereon. [at 141]

*Germer* held that the words "all interest accruing after entry of judgment" required payment of interest "on the entire judgment irrespective of the policy limits." *Id.* at 144. Plaintiff reads the instant policies in the same way.

When construction is necessary, insurance policies are to be read liberally to the end that coverage is provided. *Kievit v. Loyal Protective Life Ins. Co.,* 34 *N.J.* 475, 482 (1961). The reasonable expectations of the insured must be considered. *Harr v. Allstate,* 54 *N.J.* 287 (1969). Some construction of defendants' policies is necessary; little is required, however, with respect to the "entire judgment" issue. In this regard, the policy language is clear. Defendant companies agreed to pay "all interest on the *entire amount* of any judgment." Emphasis supplied. Thus, they clarified the policy language addressed in *Germer.* In that case, the policy language was not clear; it obligated the insurer to pay "all interest accruing after entry of judgment." The court read this language as requiring payment of interest on the entire judgment. Here, the policy language expressly refers to the "entire amount of any judgment."

It may be assumed that the policies of defendant companies were written with an awareness, not only of *Germer,* but of cases cited in that opinion from other jurisdictions all of which point to the interest question. *Germer, supra* 99 *N.J.Super.* at 142. *See Mayberry v. Home Insurance Co.,* 264 *N.C.* 658, 142 *S.E.*2d 626 (Sup.Ct.1965); *Powell v. T.A. & C. Taxi, Inc.,* 104 *N.H.* 428, 188 *A.*2d 654 (Sup.Ct.1963); *Highway Casualty Co. v. Johnston,* 104 *So.*2d 734 (Fla.Sup.Ct.1958); *Underwood v. Buzby,* 236 *F.*2d 937 (3 Cir.1956). *River Valley Cartage Co. v. Hawkeye-Security,* 17 *Ill.*2d 242, 161 *N.E.*2d 101 (Sup.Ct.1959), also cited, provides history and reason which are dispositive here:

We consider first the question of the extent of the insurer's liability. Courts have divided on the meaning of the phrase "all interest accruing after entry of judgment." Some have read it to limit liability for interest to that part of the judgment for which the insurer is responsible. Others have not. It might be enough to say that the ambiguity evidenced by this division of opinion should be construed against the insurer. But we believe that there are other and stronger reasons for holding that the phrase creates liability for interest on the entire judgment.

In the first place, the insurer's language compels such a conclusion. The phrase referring to interest uses the term "judgment" without qualification while in the same clause the phrase limiting the duration of the liability for interest refers to "such part of the judgment as does not exceed the limit of the company's liability thereon." Obviously the insurer knew how to qualify the term "judgment" to achieve the result that it urges. It did not do so.

In addition, the realities of the relationship between the insurer and the insured argue against the insurer's interpretation. Under the terms of the policy the insurer has complete control of any litigation from which it might incur liability. The insured cannot settle with the plaintiff without releasing the insurer from its obligation. Any delay that may cause the accumulation of interest is thus the responsibility of the insurer. And until it has discharged its obligations under the policy it should bear the entire expense of this delay.

Insurers themselves have recognized this. The National Bureau of Casualty Underwriters formerly included the clause now before us in its form of standard policy. It has now changed its form to read "all interest on the entire amount of any judgment therein which accrues after entry of the judgment." In announcing the change, it said: "Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interst on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon." [at 244–245, 161 *N.E.*2d 101; citations omitted]

The instant policies could have been written to support the defense position that interest accrues only on the policy limits. Instead, they echoed the language of the standard policy and clearly provided the insured with an extra benefit: security against payment of interest accruing on any judgment no matter how large and regardless of policy limits. Presumably, premiums were charged for assuming this extra risk. Moreover, both companies chose to appeal the verdict and therefore withheld any payments due under their policies. In doing so,

they permitted interest to accrue. It is therefore fair, as *River Valley* held and as *Appleman,* Insurance Law & Practice § 4894.25, suggests, for them to protect the insured by paying such accrued interest.

Some language in the policies is not clear. The requirement for the payment of interest "which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon" should be interpreted.

■ In the present case Commercial Union deposited its policy limit of $100,000 plus postjudgment interest of $3,813.70 in court. It did so in order to perfect its appeal and over the objection of plaintiff. It never "paid or tendered" its policy limits to plaintiff until after appeals were exhausted. The amount of its in-court deposit did not include any accrued interest on any part of the judgment. Ohio Casualty offered to post a bond for $100,000 in order to perfect its appeal, a requirement ultimately waived by plaintiff after the Supreme Court approved the offer. Ohio never deposited any money in court or "tendered" any money to plaintiff; it paid its policy limits to him after completion of its appeals.

It is therefore apparent that neither company met the conditions imposed by the policy language. That language permits the companies to avoid payment of interest on the entire judgment by placing their policy limits at the disposal of plaintiff. This escape was available only if the policy limits were paid or tendered *to plaintiff* or made accessible to him through a deposit with the court. The words "paid or tendered or deposited" must be read together. They require subjection of the policy proceeds to the control of plaintiff. The deposit made by Commercial Union was not a deposit which plaintiff could reach; it was made only to provide security in furtherance of the company's appeal. Furthermore, Commercial Union deposited only $103,813.70; it ignored the accrued interest

clearly due. Consequently, it did not deposit "the limit of the company's liability," an additional condition it was obliged to satisfy before the running of interest could stop. Ohio Casualty did not pay, tender or deposit any money, and therefore did not satisfy any policy condition which would permit the limitation of its interest obligation.

For these reasons, Commercial Union must pay interest to plaintiff on the entire $514,712.86 judgment from the date of its entry until the date it paid monies on account to plaintiff and must pay interest thereafter on the balance of the judgment. Ohio Casualty is subject to the same requirements. Interest is to be calculated in accordance with the provisions of *R.* 4:42–11.