HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff-Appellant, v. AETNA INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 87—2815

Opinion filed August 2, 1988.

Norman J. Barry and Alan S. Madans, both of Rothschild, Barry & Myers, of Chicago, for appellant.

Francis D. Morrissey, Thomas F. Bridgman, Edward J. Zulkey, Michael J. Wagner, and Lisa Sopata, all of Baker & McKenzie, of Chicago, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:

This chancery action has, as its origin, an underlying wrongful death case in which the judgment exceeded the insurance coverage provided by the primary insurer, defendant Aetna Casualty and Insurance Company of Illinois (Aetna). The excess insurer, plaintiff Hartford Accident and Indemnity Company (Hartford), filed a complaint for declaratory relief against defendant Aetna, alleging in count I of the complaint that Hartford was not liable for post-judgment interest that accrued on the portion of the underlying judgment for which Hartford provided excess coverage.

On cross-motions for summary judgment with respect to count I of plaintiff's complaint, the trial court, on August 18, 1987, entered an order granting defendant Aetna's motion for partial summary judg-

ment and denying plaintiff Hartford's motion for partial summary judgment. Plaintiff appeals.

The issue presented is whether the trial court properly declared plaintiff Hartford, the excess insurer, liable for its *pro rata* share of post-judgment interest on that portion of the underlying judgment that exceeded the primary insurance policy limits.

The material facts involving this controversy are essentially undisputed. In 1979, Helen M. Buczyna brought a wrongful death action arising out of an automobile accident against the insured, Cuomo & Son Cartage Company (Cuomo), and its employee, John Arias. Aetna provided Cuomo and Arias with primary liability insurance coverage in the amount of $1 million for the period in which decedent's death occurred. Hartford provided Cuomo and Arias with excess automobile liability insurance coverage for the same period. On April 10, 1984, the jury returned a verdict against Cuomo and Arias, assessing Buczyna's damages at $1,500,000, an amount that exhausted Aetna's primary policy limit and thereby triggered Hartford's umbrella coverage. This court affirmed the judgment on July 21, 1986.

On October 11, 1986, while a petition for leave to appeal to the Illinois Supreme Court was pending, Aetna entered into a partial settlement-partial satisfaction of judgment agreement with Buczyna. Pursuant to the agreement, Aetna paid Buczyna $1,191,667, an amount representing Aetna's policy limit plus accrued interest and minus the settlement discount. On December 23, 1986, Hartford entered into a partial satisfaction of judgment agreement with Buczyna and paid Buczyna $500,000, the amount of the judgment exceeding Aetna's policy limit but excluding the post-judgment interest that accrued thereon. Both Aetna's agreement and Hartford's agreement with Buczyna acknowledged the dispute between Aetna and Hartford as to each insurer's liability for the post-judgment interest on the $500,000 portion of the judgment in excess of Aetna's policy limit.

In January 1987, Hartford filed a complaint for declaratory judgment against Aetna and Buczyna, alleging in count I that Aetna owes Buczyna payment of post-judgment interest that has accrued on the portion of the judgment that exceeds Aetna's primary policy limit. The other counts set forth in Hartford's complaint await adjudication and are not at issue in this appeal. Aetna and Hartford both filed cross-motions for partial summary judgment with respect to count I. Each insurer contended that the other was liable for post-judgment interest on the excess portion of the underlying judgment. On August 18, 1987, the trial court, viewing the interest issue as a question of first impression, declared Hartford liable to Buczyna for the interest and entered

an order of partial summary judgment in favor of Aetna and against Hartford. It is this order that forms the basis of Hartford's appeal.

I

The parties agree that no reported Illinois decision has addressed the issue of an insurer's liability for post-judgment interest where the insured was provided with primary and excess coverage.

■■ Aetna provided Cuomo with primary liability insurance coverage with a $1 million limit. Aetna's policy provided that in addition to its limit of liability, Aetna would pay "[a]ll interest accruing after the entry of a judgment in a suit we defend. Our duty to pay interest ends when we pay or tender our limit of liability." Substantially identical policy language was construed by the Illinois Supreme Court in *River Valley Cartage Co. v. Hawkeye-Security Insurance Co.* (1959), 17 Ill. 2d 242, 161 N.E.2d 101. Justice Schaefer's unanimous opinion rejected the argument that the insurer is liable only for the interest on that portion of the judgment that does not exceed its policy limits. The policy obligated the carrier to pay " 'all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of the judgment as does not exceed the limit of the company's liability thereon.' " (17 Ill. 2d at 244.) Even if the policy could be read to limit the insurer's interest liability to that part of the judgment for which it was responsible, the court said, the policy's ambiguity would have to be construed against the insurer. More importantly, the court found that the policy was unambiguous in obligating the insurer to pay all interest on the judgment.

"The phrase referring to interest uses the term 'judgment' without qualification while in the same clause the phrase limiting the duration of the liability for interest refers to 'such part of the judgment as does not exceed the limit of the company's liability thereon.' Obviously the insurer knew how to qualify the term 'judgment' to achieve the result that it urges. It did not do so." 17 Ill. 2d at 245.

Neither Aetna nor the trial court disputed the current vitality of the *River Valley* rule. (See *Green v. J. C. Penney Auto Insurance Co.* (7th Cir. 1986), 806 F.2d 759; *Murphy v. Urso* (1980), 83 Ill. App. 3d 779, 404 N.E.2d 287, *rev'd on other grounds* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079; *Gass v. Carducci* (1964), 52 Ill. App. 2d 394, 203 N.E.2d 289.) Nor was it disputed that Aetna would have been liable for interest on the entire judgment, including the portion that exceeded its policy limits, if its insureds had not purchased excess coverage.

■ However, Aetna contends that *River Valley* is inapposite to the

case at bar in that it does not involve an excess insurer. The trial court agreed with Aetna that the purchase of excess coverage by the insured from Hartford relieved Aetna of its liability. In support of its argument, Aetna states that its policy must be construed together with Hartford's policy. Section VI(c) of Hartford's excess policy provides that Hartford shall pay "all interest accruing after entry of judgment until [Hartford] has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of [Hartford's] liability thereon." Aetna concludes that this provision clearly and unambiguously indicates that Hartford is liable for its *pro rata* share of post-judgment interest. We disagree.

What Aetna overlooks is the fact that section VI of Hartford's excess policy comes into play only when Hartford is acting as the primary carrier. It does not apply when Hartford is the excess carrier. Hartford's umbrella policy specifically identifies Aetna's policy as one of the "underlying policies" which provides primary coverage to Cuomo and for which Hartford undertakes excess coverage. Therefore, we conclude that section VI(c) specifically relieves Hartford from liability for post-judgment interest.

Both Aetna and Hartford write primary and excess coverage policies. Excess coverage, often referred to as an umbrella policy, is not a novelty item in the insurance industry. It is a standard and customary part of the insurance program for business enterprises and individuals with substantial assets in need of protection from liability claims. It provides substantial additional coverage for a relatively modest premium. 8A J. Appleman, Insurance Law & Practice §4909.85 (1981).

Excess coverage has been around for a long time. If the National Bureau of Casualty Underwriters or any individual company wanted to modify the standard post-judgment interest clause in liability policies for *pro rata* sharing of interest between the primary and excess carriers, they could have done so.

Aetna's undertaking to pay all interest accruing after the entry of judgment in a case it defends contains no exception relating to excess coverage. As Justice Schaefer said in *River Valley*: "Obviously the insurer knew how to qualify the term 'judgment' to achieve the result that it urges. It did not do so." 17 Ill. 2d at 245.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

HARTMAN, P.J., and SCARIANO, J., concur.