77537, 77538. EWALD v. SECURITY PACIFIC CREDIT CORPORATION; and vice versa.

(379 SE2d 569)

McMURRAY, Presiding Judge.

Security Pacific Credit Corporation (plaintiff) brought an action against Jeffrey Louis Ewald (defendant) and alleged that defendant breached a "Vehicle Lease Agreement" which was assigned to plaintiff by Reserve Rent-A-Car & Leasing, Inc. (Reserve). Plaintiff sought $12,549.65 and attorney fees as a result of the alleged breach of contract. Defendant answered and admitted that he was a "co-lessee on a Lease Agreement" with Reserve, but denied the remaining material allegations of the complaint and counterclaimed, seeking "recoupment against plaintiff's claim" because plaintiff allegedly "failed to comply with obligations arising under the lease agreement . . . ."

Supportive of its motion for summary judgment, plaintiff filed the affidavit of Karen Blume, "a legal specialist for [plaintiff who is] personally responsible for and familiar with the account of Defendant . . . ." Ms. Blume deposed, in pertinent part, as follows: "On or about November 27, 1984, [defendant], as co-Lessee, entered into a written Vehicle Lease Agreement (closed end) with Reserve Rent-A-Car & Leasing, Inc. for the leasing of one 1985 Chevrolet Camaro, . . . . Said contract was for value received, assigned to [plaintiff] . . . Said written Vehicle Lease Agreement required Defendant to pay to [plaintiff] as assignee forty-eight (48) monthly installments of $264.05

each, commencing on November 27, 1984. [Plaintiff] has not received payments from any party on said contract for December 1985, or for any month thereafter . . . By way of the Complaint in this action, [plaintiff] has elected to declare all sums due under said contract, save and except rebates as required by law, to be immediately due and payable. . . . As of November 20, 1987, Defendant is indebted to [plaintiff] in the sum of $12,549.65, with interest (computed pro rata) accruing at the rate of $3.41 per day until contract maturity on December 5, 1988. . . . As of the date of this Affidavit, the amounts owing to [plaintiff] have not been paid and are due and payable."

In opposition, defendant submitted his affidavit and deposed, in pertinent part, as follows: "That on August 22, 1985, the plaintiff in this action called me and informed me that payments under the vehicle lease agreement which form the basis of this action were delinquent . . . At that point and time, I attempted to obtain the vehicle from my son who had exclusive control and possession of the vehicle and who had been solely responsible for making payments pursuant to the lease agreement . . . In an effort to remove the car from the exclusive possession and control of my son, I obtained what my son purported to be the only set of keys to the car, let the air out of the tires and took the coil wire off the car, took the battery cable off, and informed my son that he was not to touch the car . . . My son managed to remove the car from my home, at which time I reported the car stolen to the Fulton County Police. Fulton County Police informed me, however, that as my son's name was on the lease, he did have a right to possession of the car and they could not report the car as stolen . . . At that point and time, we spoke with plaintiff in this action and asked that they take my son's name off of the lease in order that we could have the exclusive possession and control of the automobile . . . Plaintiff herein refused to remove my son's name from the lease, and the car was never recovered . . . Over the past several months, I have made numerous attempts to locate the automobile, and have finally done so and informed the plaintiff herein that the car is located in Panama City, Florida. The plaintiff has refused to accept my tender of the automobile and has continually blocked my efforts to minimize my liability under the lease." From this and other evidence, the trial court entered summary judgment in favor of plaintiff "for the principal amount of $12,549.65." Defendant appealed in Court of Appeals Case No. 77537. Plaintiff cross-appeals in Court of Appeals Case No. 77538. *Held:*

*Case No. 77537*

1. In his first two enumerations of error, defendant challenges for the first time on appeal the amount of damages awarded as a result of

his alleged breach of the lease agreement. " '[E]ven had [defendant's] argument on this issue had any merit, his failure to raise it in the trial court in any manner provides no basis for consideration by this court. (Cit.)' *Hopkins v. City of Philadelphia*, 155 Ga. App. 534, 535 (3) (271 SE2d 672)." *Salome v. First Nat. Bank of Atlanta*, 162 Ga. App. 394 (1), 395 (291 SE2d 452).

2. Defendant contends in his third enumeration of error that "[t]he Court erred in not finding a genuine issue of fact as to whether or not [plaintiff] refused to lessen [its] damages by recovering the vehicle from [defendant's] son." This argument is without merit.

"A secured creditor has an option of either proceeding to suit on the note or foreclosing on the collateral. *Homes of Tomorrow v. Fed. Deposit Ins. Corp.*, 149 Ga. App. 321 (2) (254 SE2d 475) (1979)." *Sadler v. Trust Co. Bank of South Ga.*, 178 Ga. App. 871, 872 (1) (344 SE2d 694). "Indeed the creditor may utilize the alternatives concurrently until the debt is satisfied. *Brown v. Georgia State Bank*, 141 Ga. App. 570, 571 (234 SE2d 151) (1977)." *Homes of Tomorrow v. Fed. Deposit Ins. Corp.*, 149 Ga. App. 321, 322 (2), supra.

3. Plaintiff's motion for damages for frivolous appeal is denied.

### Case No. 77538

4. On cross-appeal, plaintiff argues that because the trial court granted its motion for summary judgment on the vehicle lease agreement, it was also entitled to attorney fees as provided by law. We agree.

The vehicle lease agreement provided for the payment of attorney fees in the event of default. Further, plaintiff presented undisputed evidence of compliance with OCGA § 13-1-11 (a). Consequently, the trial court should have granted plaintiff reasonable attorney fees as authorized in OCGA § 13-1-11 (a) (2). See *Sawyer v. C & S Nat. Bank*, 164 Ga. App. 177, 178 (1d), 180 (296 SE2d 134).

*Judgment affirmed in Case No. 77537. Judgment reversed in Case No. 77538. Pope and Benham, JJ., concur.*

DECIDED FEBRUARY 20, 1989 —
REHEARING DENIED MARCH 7, 1989 —

*Lamb & Associates, T. Gordon Lamb*, for appellant.
*Levine & D'Alessio, Jonathan R. Levine, Stephen H. Block*, for appellee.