In these appeals from two garnishment actions, Amerisure Insurance Company ("Amerisure") seeks post-judgment interest from Safeway Insurance Company of Alabama, Inc. ("Safeway"). The claim for post-judgment interest arises from a judgment in an automobile-accident case in which Safeway, the insurer for one of the defendants, was held liable for a portion of the judgment. The trial court held: (1) that Safeway's conditional offers to pay its policy limits to the plaintiffs in the earlier case did not prevent post-judgment interest from accruing; and (2) that Safeway was liable for interest on the entire amount of the judgment, including the amount in excess of its policy limits. We affirm.
In 1991, Robert Caldwell was driving a vehicle owned by Paul Dunn when that vehicle collided with a vehicle in which Greg and Sherry Acton were riding. The accident also involved a vehicle in which Ray and Martha Williams were riding.[1] The Actons and the Williamses filed actions against Caldwell and Dunn.
Amerisure insured Caldwell, and Safeway insured Dunn. Amerisure and Safeway secured counsel to represent Caldwell and Dunn. Before the trial of the two cases, which were tried together, counsel for the Actons and the Williamses offered to settle the case for the policy limits of the insurance coverage provided by Amerisure ($50,000) and by Safeway ($50,000), provided that counsel for Caldwell and counsel for Dunn accepted the offer at least seven days before trial. After the offer by the Actons and the Williamses had expired, and before a judgment was entered, counsel for Caldwell and counsel for Dunn made two offers of the insurance policy limits. These offers were conditioned on the Actons and the Williamses' releasing Caldwell and Dunn from all liability in excess of the policy limits. Counsel for the Actons and the Williamses refused these late offers and tried the case.
In March 1992, the trial court entered a judgment against Caldwell and Dunn, jointly, for a total of $353,000. Caldwell and Dunn filed for bankruptcy protection. Counsel for Caldwell and counsel for Dunn made two post-judgment offers to pay the total insurance policy limits of $100,000. These offers were conditioned on the Actons and the Williamses' releasing Caldwell and Dunn from all liability in excess of the policy limits. Counsel for the Actons and the Williamses refused these conditional offers. The judgment was appealed to this Court, which affirmed without an opinion. Caldwell v. Acton andCaldwell v. Williams (Nos. 1911830 and 1911831, August 20, 1993) 629 So.2d 814 (Ala. 1993) (table).
In May 1995, the Actons and the Williamses filed garnishment actions against Amerisure and Safeway, seeking to recover the amount of the outstanding judgments, plus accumulated post-judgment interest. Amerisure and Safeway admitted liability for their respective policy limits, but denied any liability for post-judgment interest. After a hearing, the trial court entered a judgment holding Amerisure and Safeway liable for their respective $50,000 policy limits and jointly and severally liable for post-judgment interest on the entire amount of the judgment, $353,000, which included the amount in excess of the $50,000 limit of each of the policies.
Amerisure settled with the Actons and the Williamses in exchange for an assignment of their rights against Safeway. Amerisure, now realigned as a plaintiff/appellee in these appeals, seeks to enforce the trial court's order holding Safeway jointly and severally liable for post-judgment interest on the entire amount of the judgment, not only on its $50,000 policy limits. *Page 220 
 Conditional Offers to Pay Policy Limits
Safeway first argues that under the terms of its policy it is not liable for any post-judgment interest because it made two prejudgment offers to pay its policy limits to the plaintiffs. Safeway's policy provides in pertinent part: "Our duty to pay [post-judgment interest] ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage." (Emphasis added.) Safeway argues that under this language its liability for post-judgment interest ended when it made the prejudgment offers, even though the offers were conditioned on the release of all claims for damages in excess of the amount of the policy limits. See Farmers AllianceMut. Ins. Co. v. Bethel, 812 F.2d 412 (8th Cir. 1987); InsuranceCo. of Pennsylvania v. Giles, 196 Ga. App. 271, 395 S.E.2d 833, cert. denied, 196 Ga. App. 908 (1990). We disagree.
A close examination of the cases cited by Safeway convinces us that these cases do not support Safeway's contention that an offer conditioned on settlement is sufficient to terminate its obligation to pay post-judgment interest. In Farmers Alliance, 812 F.2d at 413, the insurer's counsel made several offers to pay the insurer's policy limits to the plaintiffs. The Court of Appeals for the Eighth Circuit held that these offers, which were not conditioned on the plaintiffs' abandonment of claims for damages in excess of the policy limits, terminated the insurer's liability to pay post-judgment interest. Id. ("[The insurer's counsel's] offers were refused through no fault of the insurer."). Similarly, in Giles,196 Ga. App. at 271-72, 395 S.E.2d at 834, the insurer's counsel made several offers to pay the insurer's policy limits, but the plaintiffs agreed to delay receipt of the insurance proceeds until after final judgments were obtained in several actions so that the insurance proceeds could be prorated among the plaintiffs accordingly. Id. at 273, 395 S.E.2d at 835. The Court of Appeals of Georgia held that the offers, which were not conditioned upon a release of all liability in excess of policy limits, relieved the insurer of its obligation to pay post-judgment interest. Id. at 274, 395 S.E.2d at 836 (citingFarmers Alliance, supra).
In contrast to the offers in Farmers Alliance and Giles, supra, every prejudgment and post-judgment offer made by Safeway was expressly conditioned on the Actons and the Williamses' releasing all claims against Dunn in excess of the policy limits. Safeway, thus, did not offer its policy limits, but instead offered something substantially less — its policy limits minus all claims for damages in excess of those limits.[2]
See Cochran v. Auto Club Ins. Ass'n, 169 Mich. App. 199,425 N.W.2d 765 (1988) (holding that insurer's offer to pay policy limits, conditioned on a full release of the defendants, was insufficient to stop the running of post-judgment interest); see generally Equitable Life Assurance Soc. of the UnitedStates v. Roberts, 232 Ala. 539, 168 So. 569 (1936) (holding that an offer containing material conditions was ineffective to terminate an obligation to pay interest on life insurance proceeds owed to the plaintiff).[3] Thus, we hold that because Safeway imposed a material condition on its offers to pay the policy limits, those offers did not terminate Safeway's contractual liability *Page 221 
for post-judgment interest.[4]
 Scope of Insurer's Liability for Post-Judgment Interest
Safeway next argues that its joint and several liability for post-judgment interest should not extend to the entire amount of the judgment, $353,000, but should be confined to the interest on $50,000, the amount of its policy limits. In interpreting an insurance policy, we will construe ambiguities against the insurer that drafted the clause in question, but will give effect to the reasonably determined intent of the parties. See Alabama Ins. Guaranty Ass'n v. Magic City TruckingServ., Inc., 547 So.2d 849, 855-56 (Ala. 1989); Employers Ins.Co. of Alabama, Inc. v. Jeff Gin Co., 378 So.2d 693, 695
(Ala. 1979); Billups v. Alabama Farm Bureau Mut. Cas. Ins. Co.,352 So.2d 1097, 1102 (Ala. 1977). The relevant portion of Safeway's policy provides:
"SUPPLEMENTARY PAYMENTS
 "In addition to our limit of liability, we will pay on behalf of a covered person:
". . . .
 "3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage".
(Emphasis added.)
If the first sentence of paragraph 3 had stated that Safeway was liable for "all interest" or "interest on the entire judgment," we could easily conclude that it was liable for post-judgment interest on the entire amount of the judgment. Alternatively, if the first sentence had stated that Safeway would pay only the interest accruing on "that part of the judgment which does not exceed our limit of liability," a phrase we know Safeway was fully capable of using because it did so in the very next sentence, we could easily conclude that Safeway was liable only for post-judgment interest on an amount equal to its policy limits. Instead, Safeway's "supplementary payments" clause is ambiguous. It simply does not define the numerical base on which post-judgment interest is to be computed. Thus, the general rule that requires the construction of ambiguous insurance policy language against the insurer militates in favor of requiring payment of post-judgment interest on the entire amount of the judgment.
We would not lightly hold, however, that an insurer is liable for post-judgment interest on a potentially unlimited judgment based solely on a general canon of construction without substantial authority reasonably showing that the insurer intended such a result. Some courts have considered it reasonable to require the insurer to pay interest on the entire judgment because it is the insurer, not the insured, who controls the decision to appeal, that is, the decision to incur post-judgment interest. Thus, it might be reasonable to conclude that the insurer intended to pay the interest that it alone determined to incur. See C.T. Drechsler, Annotation,Liability Insurer's Liability for Interest and Costs on Excessof Judgment Over Policy Limit, 76 A.L.R.2d 983, 985 (1961); see, e.g., United Services Auto. Ass'n v. Russom, 241 F.2d 296
(5th Cir. 1957). On the other hand, some courts have considered it unreasonable to require the insurer to pay post-judgment interest on the entire judgment because interest represents payment for the use of money, and it is the policyholder, not the insurer, that during the pendency of the appeal has use of the money in excess of the policy limits. Thus, it might be reasonable to conclude that the insurer did not intend to pay for the use of money that it did not enjoy. See Drechsler,Liability for Interest, 76 A.L.R.2d at 986; see, e.g., United *Page 222 States Fidelity Guaranty Co. v. Hotkins, 8 Misc.2d 296,170 N.Y.S.2d 441 (Sup.Ct. 1957).
These conflicting judicial rationales produced a reaction by the insurance industry:
 " 'Several court cases have held that an insurer's obligation to pay interest extends only to the part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent.' "
B.G. Ramsey, Interest on Judgments Under Liability InsurancePolicies, 414 Ins. L.J. 407, 411 (1957) (quoting a directive from the National Bureau of Casualty Underwriters to its members). The National Bureau recommended that the language of standard "supplementary payments" clauses be changed to make the numerical base on which post-judgment interest should be computed perfectly clear. Id. See Norman E. Risjord,Underwriting Intent, 7 Fed. of Ins. Counsel Q. 41 (1956) (noting that after a divergence of interpretations by courts, a standard clause was developed that made it clear that the intent of the insurers was to pay interest on the entire amount of the judgment).
Both commentators and courts have now adopted the rationale that the insurer's control of whether post-judgment interest is incurred requires the insurer to pay such interest on the entire amount of the judgment. For example, an author of a leading insurance treatise states:
 "[S]ince the insurer controls the litigation, on appeal as well as in the trial court, it should bear the burden of all interest which accrues during [the post-judgment period]. This would appear to be the only fair result, inasmuch as the insurer has control of the litigation, and can make its election to appeal irrespective of the insured's desires in the matter. It seems fair to compel the insurer to pay all the interest which accrues pending an appeal, even though the judgment is in excess of the policy limits, for the reason that the insured might desire to pay the excess judgment and thus prevent the running of interest, but the insurer's control of the litigation would prevent him from doing so."
John Alan Appleman Jean Appleman, Insurance Law and Practice
§ 4894.25 (1981). The significance of control of the litigation is evidenced in Safeway's own policy, which limits its liability for post-judgment interest to that interest incurred in a "suit we defend."[5]
Since the 1950s, a clear majority of the courts that have addressed the issue have held the insurer liable for interest on the entire judgment. Compare, e.g., Providence WashingtonIns. Co. v. Fireman's Fund Ins. Cos., 778 P.2d 200, 203 (Alaska 1989) (holding insurer liable for post-judgment interest on entire judgment amount, not just on policy limits); SouthernFarm Bureau Cas. Ins. Co. v. Robinson, 236 Ark. 268, 275-76,365 S.W.2d 454, 459 (1963) (same); Security Ins. Co. v. Houser,191 Colo. 189, 552 P.2d 308 (1976) (same); Aetna Cas. Sur.Co. v. Protective Nat'l Ins. Co. of Omaha, 631 So.2d 305, 309
(Fla.Dist.Ct.App. 1993) (same), rev. denied, 641 So.2d 1346
(Fla. 1994); Southeast Atl. Cargo Operators, Inc. v. First StateIns. Co., 216 Ga. App. 791, 795, 456 S.E.2d 101, 104 (1995) (same); Hartford Acc. Indem. Co. v. Aetna Ins. Co., 173 Ill. App.3d 665, 123 Ill.Dec. 312, 527 N.E.2d 950 (1988) (same), aff'd, 132 Ill.2d 79, 138 Ill.Dec. 145, 547 N.E.2d 114 (1989);Farm Bureau Mut. Ins. Co. v. Milne, 424 N.W.2d 422, 424 (Iowa 1988) (same); Glenn v. Fleming, 247 Kan. 296, 309, 799 P.2d 79,87-88 (1990) (same); McLemore v. Fox, 565 So.2d 1031, 1037-38
(La.App.) (same), cert. denied, 569 So.2d 966 (La. 1990);Matich v. Modern Research Corp., 430 Mich. 1, 25-27,420 N.W.2d 67, 77-78 (1988) (same); Stibal v. Carland, 381 N.W.2d 855,857-58 (Minn.App. 1986) (same); Coventry v. Steve Koren, Inc.,1 Ohio App.2d 385, 205 N.E.2d 18 (same), aff'd, 4 Ohio St.2d 24,211 N.E.2d 833 (1965); Bossert v. Douglas, 557 P.2d 1164, 1168
(Okla.App. 1976) (same); Incollingo v. Ewing, 474 Pa. 527,537-38, 379 A.2d 79, 84-85 (1977) (same); Western Cas. Sur.Co. v. Preis, 695 S.W.2d 579 (Tex.App. 1985) (same); and McPheev. American Motorists Ins. Co., 57 Wis.2d 669, 205 N.W.2d 152,159 (1973) (same), with, e.g., Faulkner v. Smith,747 S.W.2d 592 (Ky. 1988) *Page 223 
(holding that insurer's liability for interest was limited to interest on policy limits); Shnarch v. Empire Mut. Ins. Co.,144 A.D.2d 795, 535 N.Y.S.2d 180 (1988) (same); Crook v. StateFarm Mut. Auto. Ins. Co., 235 S.C. 452, 112 S.E.2d 241 (1960) (same).[6] The Supreme Court of Colorado stated the majority view as follows:
 "The insurer controls any litigation from which liability might ensue and further controls settlement negotiations. Thus, the accrual of interest may be attributable to the insurer's decision to contest a judgment by appeal. Consequently, it is reasonable to impose the entire expense of accrued interest upon the insurer in view of the company's right to control the conduct of the suit and its power to escape liability for interest through the payment or tendering of its part of the judgment into the court.
 ". . . [M]any courts have noted that the insurance industry, itself, has always intended that the clause be interpreted to require payment of interest on the entire judgment, even though it exceeds policy limits."
Houser, 191 Colo. at 192, 552 P.2d at 310 (internal quotation marks and citations omitted).
Given that the insurer drafted the policy, that it controlled the decision whether to incur post-judgment interest, and that it had the option to avoid such interest by paying its policy limits, we are compelled to conclude that Safeway's ambiguous supplementary payments clause requires that Safeway pay post-judgment interest on the entire amount of the judgment. The judgment of the trial court is affirmed.
1951122 — AFFIRMED.
1951123 — AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
[1] The accident also involved a vehicle in which Mark and Susan Jacks were riding. The Jackses filed a separate action against Caldwell and Dunn that is not part of these appeals.
[2] We also note that when the Actons and the Williamses made a prejudgment offer to Safeway to settle for the policy limits, Safeway did not accept. The offer expired by its express terms seven days before trial. See generally Cater v. Haralson,362 So.2d 242 (Ala.Civ.App.) (stating that an offeror may establish conditions as to acceptance of the offer), writ denied, 362 So.2d 244 (Ala. 1978); Martin v. Black, 21 Ala. 721
(1852) (noting that time of acceptance is a term of the offer and if a certain time for acceptance is not specified, a reasonable time will be implied by the court). Thus, Safeway's offer of its policy limits after the plaintiffs' offer had expired was not an acceptance of that offer.
[3] We note that the use of the term "offer" in Safeway's policy to effect an end to its contractual liability to pay interest, rather than the term "tender" or "payment," does not affect our conclusion. The interest clauses in the policies dealt with inFarmers Alliance, 812 F.2d at 413, and Giles,196 Ga. App. at 273, 395 S.E.2d at 835, used language identical to that in the Safeway policy, and the rationale of those opinions supports the conclusion that Safeway cannot append material conditions to its offer and still terminate its liability to pay interest.
[4] Safeway also contends that the garnishment proceedings below were deficient in two respects: (1) it says the trial court based its order on disputed facts; and (2) the Jackses, who Safeway says may have an interest in the proceeds of Safeway's policy because of a separate action, were not notified of the proceeding. The record, however, shows that the dispositive facts, including Safeway's conditioning of its offers on the plaintiffs' release of all claims for damages in excess of its policy limits, are undisputed. Further, the record shows that the Jackses' attorney was fully apprised of the garnishment proceedings.
[5] Safeway does not argue that it lacked control of the litigation on behalf of Dunn.
[6] The majority of these cases have interpreted "standard" interest clauses that require payment of "all interest accruing after a judgment," instead of "interest accruing after a judgment," as used in Safeway's supplementary payments clause. In view of the multitude of jurisdictions that have embraced the control-of-the-litigation rationale, which applies with equal force to Safeway, the mere omission of the word "all" is insufficient to express a clear intent to restrict Safeway's liability for post-judgment interest to interest on the amount of its policy limits. Instead, the omission of the word "all," which leaves undefined the base on which post-judgment interest is computed, only emphasizes the ambiguity of Safeway's supplementary payments clause.
Moreover, in Insurance Co. of Pennsylvania v. Giles,196 Ga. App. 271, 395 S.E.2d 833, cert. denied, 196 Ga. App. 908
(1990), the Georgia Court of Appeals dealt with a supplementary payments clause identical to that contained in Safeway's policy — "interest accruing after the judgment." In Giles,196 Ga. App. at 274-75, 395 S.E.2d at 836, Judge Deen dissented regarding a separate issue, but noted that the great weight of authority, which relies on the control-of-the-litigation rationale, should also govern the interpretation of a supplementary payments clause that did not contain the word "all." A majority of the Court of Appeals of Georgia subsequently embraced Judge Deen's analysis. Southeast Atl.Cargo Operators, Inc. v. First State Ins. Co.,216 Ga. App. 791, 795, 456 S.E.2d 101, 104 (1995). Accord Pinto v. BuckeyeUnion Ins. Co., 193 Mich. App. 304, 484 N.W.2d 9, 11 (1992) (holding insurer liable for post-judgment interest on entire judgment amount under nonstandard supplementary payments clause).